## MAYS v. UNITED STATES.

(Circuit Court of Appeals, Fourth Circuit.    May 21, 1923.)

No. 2090.

1. **Bribery ⊕⇒7—No variance between indictment for attempted bribery of officer not to arrest and proof of attempted bribery to release accused before formal charge placed against him.**

Indictment for attempting to bribe an officer "not to arrest" accused was supported by proof that accused, captured operating a still and being taken to town for formal charge to be placed against him, offered the officer money to "turn him loose."

2. **Bribery ⊕⇒I (I)—Unnecessary to prove collateral offense.**

In prosecution for attempting to bribe an officer not to arrest accused, it was not necessary, to lawful conviction of accused, that he should have been found guilty of the offense for which he was arrested.

3. **Criminal law ⊕⇒I 171 (3)—Counsel's drawing extreme conclusion from evidence not ground for reversal.**

It is only under exceptional circumstances that an appellate court will set aside a judgment because counsel, in arguing to the jury, attempted to draw an extreme or unjustified conclusion from the evidence.

In Error to the District Court of the United States for the Western District of Virginia, at Lynchburg; Henry Clay McDowell, Judge.

Jack Mays was convicted of having attempted to bribe a deputy collector of internal revenue, and brings error.  Affirmed.

William Kinckle Allen, of Amherst, Va., for plaintiff in error.

C. E. Gentry, Asst. U. S. Atty., of Charlottesville, Va. (L. P. Summers, U. S. Atty., of Abingdon, Va., on the brief), for defendant in error.

Before WOODS, WADDILL, and ROSE, Circuit Judges.

ROSE, Circuit Judge.  The plaintiff in error will be called the defendant, as he was below.  He was convicted of having attempted to bribe a deputy collector of internal revenue.  His assignments of error cover a wide range, from the alleged unconstitutionality of the National Prohibition Act (41 Stat. 305) to the asserted unfairness of some things the attorney for the United States said in his closing argument.  The evidence in the case shows, as the jury must have found, that the defendant was engaged in operating a still in the woods of Amherst county when the government officials appeared.  He ran, but was captured, and while being taken to Lynchburg to be formally charged with the offense before a United States commissioner, and when the party had gone about a mile on their journey, he offered one of the agents, who was also a deputy collector of internal revenue $100 to "turn him loose."

[1]  The indictment alleged that the bribe was offered "not to arrest him."  His learned counsel strenuously contends that there was a fatal variance between the thing charged and that proved.  We do not think so.  It is true that, at the time the improper proposition was made, the defendant was already in custody; but no formal charge had

⊕⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

as yet been made against him before any committing magistrate, and there was no record of anything which had taken place. When, subsequently, Lynchburg was reached, he was taken before a United States commissioner and a warrant in the usual form was issued against him. Until that had been done, the arrest was still a continuing process and if, before it was completed, the officer had turned him loose, the result, for many legal as well as practical purposes, would have been precisely the same as if hands had never been laid on him at all.

It is unnecessary to say anything as to the alleged unconstitutionality of the National Prohibition Act. Some things must be considered settled.

[2] There is no merit in the contention that, before the defendant could be lawfully convicted of bribing the government officer not to arrest him, he must have been found guilty of the offense for which the arrest was made.

There is nothing of which the defendant has cause to complain in the instructions given or refused. The issue upon which the jury was to pass was simple, and the charge adequately and accurately submitted it for their determination.

[3] As we have heretofore said (Showalter v. U. S., 260 Fed. 719, 721, 171 C. C. A. 457), it is only under exceptional circumstances that an appellate court will set aside a judgment because counsel, in arguing to the jury, attempted to draw an extreme or unjustified conclusion from the evidence. There is nothing to take the instant case out of the rule.

Affirmed.